IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELVETIA COAL COMPANY, LAUREL RUN MINING COMPANY, ISLAND CREEK COAL COMPANY, and CONSOL AMONATE FACILITY, LLC, | ) ) ) ) ) | Civil Action No. 17-2 Chief Magistrate Judge Maureen P. Kelly |
| Plaintiffs, | ) ) | |
| v. | ) ) | ECF No. 20 |
| UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION, | ) ) ) | |
| Defendant. | ) ) | |

## **OPINION**

**Maureen P. Kelly, Chief United States Magistrate Judge**

Before the Court is a Motion to Dismiss filed by Defendant United Mine Workers of America, International Union ("the Union") seeking dismissal of the instant lawsuit on the basis of the "first-filed" rule. ECF No. 20. For the reasons that follow, the Motion to Dismiss will be granted.

## **I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

Plaintiffs Helvetia Coal Company, Laurel Run Mining Company, Island Creek Company and Consol Amonate Facility, LLC, (collectively, "Plaintiffs") filed their Complaint on January 2, 2017. ECF No. 1. Therein, Plaintiffs made the following allegations.

The Union periodically negotiates labor agreements, called National Bituminous Coal Wage Agreements ("NBCWAs"), with the Bituminous Coal Operators' Association ("BCOA"), a multi-employer bargaining group. Id. ¶ 8. Plaintiffs were signatory companies to the 2011 NBCWA. Id. ¶ 9. In August, 2016, the Union and the BCOA executed the 2016 NBCWA. Id.

¶ 21. Plaintiffs were not signatories to the 2016 NBCWA. Id. On October 31, 2016, Plaintiffs informed the Union of their intent to terminate the 2011 NBCWA on December 31, 2016. Id. ¶ 10.

Plaintiffs met with the Union on multiple occasions in 2016 to negotiate changes to retiree benefit programs ("the Plan") to be implemented following the expiration of the 2011 NBCWA. Id. ¶ 20. At a November 29, 2016, meeting, Plaintiffs proposed that the planned changes to the Plan be implemented on April 1, 2017, instead of at the expiration of the 2011 NBCWA. Id. ¶ 23. On December 8, 2016, Plaintiffs asked the Union for a response to the proposals made at the November 29, 2016, meeting. Id. ¶ 26. On December 22, 2016, the Union rejected certain of the proposals and requested that Plaintiffs take no further action pending a decision by the trustees of the UMWA 1993 Benefit Plan[1] on a grievance (ROD No. 11-0143) filed challenging Plaintiffs' ability to alter the Plan following the expiration of the 2011 NBCWA. The 2011 NBCWA expired by its terms on December 31, 2016. Id. ¶ 10.

Plaintiffs raise four counts in the Complaint and request that the Court: (1) declare that ROD No. 11-0143 and ROD No. CA-0120[2] is not arbitrable and enjoin arbitration thereof; (2) declare that the arbitration process identified in the 2011 NBCWA is not applicable to post-termination retiree health benefit disputes that arise after December 31, 2016, and enjoin arbitration thereof; (3) declare that the review and appeal process established in Article V of Plaintiffs' Coal Act Plan governs disputes arising thereunder and enjoin arbitration thereof;[3] (4) declare that Plaintiffs do not breach their contractual duty to their age 65 Medicare-eligible retirees after expiration of the 2011 NBCWA by changing the mechanism for providing their

---

[1] Per the terms of the 2011 NBCWA, disputes arising thereunder with regard to the benefit plan were to be referred to these trustees. ECF No. 1 at 5. Grievances in this "resolution of dispute" process are referred to as "ROD"s. Id.

[2] The Union has since withdrawn the grievance at ROD No. CA-0120. ECF No. 20-1 at 1.

[3] The withdrawn grievance, ROD No. CA-0120, concerned provision of benefits to retirees pursuant to the Coal Act. ECF No. 21 ¶ 13.

2

benefits; and (5) declare that negotiations between the Union and Plaintiffs concerning post-termination changes to the Plan are subject to the NLRA. Id. at 14 -15.

On January 17, 2017, Plaintiffs filed a Motion for Partial Summary Judgment. ECF No. 9. On January 23, 2017, Plaintiffs filed a Motion for Preliminary Injunction or, in the alternative, Application for Stay. ECF No. 14. January 26, 2017, the Union filed the instant Motion to Dismiss and Brief in Support. ECF Nos. 20-21. Following a status conference held on January 30, 2017, the Court stayed the time periods for the Union to respond to the pending Partial Motion for Summary Judgment and the Motion for Preliminary Injunction in light of the pending Motion to Dismiss. ECF No. 25. Plaintiffs filed a Brief in Opposition to the Motion to Dismiss on February 17, 2017. ECF No. 29.

On June 26, 2017, this Court ordered the parties to file supplemental briefs addressing the effect that the current posture of the related West Virginia action, discussed *infra*, has on the arguments in the pending Motion to Dismiss. ECF No. 34. On July 10, 2017, the Union filed its Supplemental Brief. ECF No. 35. On July 20, 2017, Plaintiffs filed their Supplemental Brief. ECF No. 38. The Motion to Dismiss is now ripe for consideration.

## II. LEGAL STANDARD

The relevant legal standard has been explained as follows.

"The First-Filed Rule requires that, absent extraordinary circumstances, cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 455 ([E.D. Pa.] 2013) (emphasis added). Substantial similarly is "not limited to mirror image cases where the parties and the issues perfectly align." Id.; see also Maximum Human Performance, Inc. v. Dymatize Enters, Inc., 09-cv-235, 2009 U.S. Dist. LEXIS 76994, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009) ("[T]he issues and parties involved in the two actions need not be identical."). The central question when considering whether to make an exception to the first-filed rule is what best serves "considerations of judicial and litigant economy, and the just and effective disposition of

3

disputes." Elecs. For Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

> "Although its application is typically the norm, the first-filed rule is not applied rigidly." EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988). Departure from the first-filed rule can be justified by the presence of exceptional circumstances, which may include convenience and availability of witnesses; absence of jurisdiction over all necessary parties; possibility of consolidation; or considerations relating to the real party in interest. Futurewei Techs., Inc. v. Acacia Research Corp., 737 F.3d 704, 708 (Fed. Cir. 2013).

Xodus Med. Inc. v. G&T Indus., Civ. A. No. 16-5850, 2017 U.S. Dist. LEXIS 115982, at *4-5 (E.D. Pa. July 24, 2017).

The first-filed rule requires courts to fashion a flexible response when confronted with concurrent jurisdiction. Chavez v. Dole Food Co., 836 F.3d 205, 217 (3d Cir. 2016). The court has the discretion to stay, transfer or dismiss the second-filed action. Id.

## III. DISCUSSION

### A. The West Virginia Action

The relevant procedural history of the related case at issue is as follows. On December 23, 2016, prior to the January 2, 2017, filing of the Complaint in this case, the Union and multiple retired coal miners/union members (collectively, "the Union Plaintiffs") filed a Complaint for Injunctive Relief in the United States District Court for the Southern District of West Virginia. International Union, United Mine Workers of America, et al. v. Consol Energy, Inc., Civ. A. No. 16-12506 (S.D. W.Va.) ("the West Virginia action"), ECF No. 1. Therein, the Union Plaintiffs sought an injunction against Consol Energy, Inc., preventing it from unilaterally changing or the Plan and from communication with participants/beneficiaries concerning changes to the Plan until resolution of the Union's ROD 11-0143. Id.

4

On January 18, 2017, the Union Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin: (1) any unilateral action by Consol Energy, Inc. to terminate and/or replace the Plan; and (2) any communication from Consol Energy, Inc. to participants/beneficiaries of the Plan concerning changes to the Plan until resolution of the Union's ROD No. 11-0143. Id., ECF No. 8.

On January 24, 2017, the Union Plaintiffs filed an Amended Complaint, adding the instant Plaintiffs, Helvetia Coal Company, Island Creek Coal Company, Laurel Run Mining Company and CONSOL Amonate Facility, LLC, as Defendants in the West Virginia action, seeking the same injunctive relief against these new Defendants as was sought in the original Complaint. Id., ECF No. 16.

On March 17, 2017, after a hearing on the Motion for Preliminary Injunction and post-hearing briefs from the parties, the United States District Court for the Southern District of West Virginia ("the West Virginia Court") issued a 25-page Memorandum Opinion and Order which, *inter alia*, granted the Union Plaintiffs' Motion for Preliminary Injunction.[4] ECF No. 35-1. Therein, the West Virginia Court found:

> The court has concluded ... that members of Plaintiff union will suffer irreparable harm in the absence of an injunction. ... Because of the policy favoring arbitration in labor disputes and the long-standing obligation of coal companies to provide medical care for UMWA members, Plaintiffs are likely to succeed on the merits. The balance of equities clearly tips in favor of Plaintiffs. In the absence of an injunction, medical benefits may be lost. Defendant CONSOL Energy, should it ultimately prevail, and be deemed entitled to cancel or change benefits, can still do so after the matter is concluded. Because of the public policy favoring injunctions in such cases and the desire throughout society to provide medical benefits for the sick and the injured, an injunction is in the public interest.

Id. at 24-25.

---

[4] The Memorandum Opinion and Order also denied Defendants' Motion to Transfer the case to the Western District of Pennsylvania.

On the same date, the West Virginia Court issued a Preliminary Injunction Order which provides:

> Defendant CONSOL Energy, Inc., is enjoined and prohibited: (1) From terminating, changing or replacing the 2011 National Bituminous Coal Wage Agreements ("NBCWA") Employer Plan (the "Employer Plan"), which is presently providing health care coverage to retired miners, pending the results of the arbitration now underway and the further order of this court; and (2) From communicating further in any way with participants and beneficiaries of the Employer Plan informing them of termination, replacement or changes to the Employer Plan.

ECF No. 35-2 at 1.

It is noted that Consol Energy, Inc. filed an interlocutory appeal from the Preliminary Injunction Order to the United States Court of Appeal for the Fourth Circuit. International Union, United Mine Workers of America, Civ. A. No. 16-12506, ECF No. 55.

Finally, the Memorandum Opinion and Order dismissed Defendants Helvetia Coal Company, Island Creek Coal Company, Laurel Run Mining Company and CONSOL Amonate Facility, LLC for lack of personal jurisdiction over them. ECF No. 35-2 at 25.

## B. First-Filed Considerations

### 1. Parties

As was true when the instant lawsuit was filed, the instant lawsuit and the West Virginia action do not currently involve the same parties. Only one party, the Union, was and is present in both. This factor appears to raise questions as to the application of the first-filed rule. However, the difference in parties is unique in this case because, as the West Virginia court found, "CONSOL Energy is the agent of [Plaintiffs], none of which have employees or other personnel to make any significant operational or administrative decisions or exercise control over the Employer Plan independent of [] CONSOL Energy." ECF No. 35-1 at 11 (emphasis in

original). Thus, the difference between Plaintiffs here and the defendant in the West Virginia action is arguably illusory.

## 2. Issues

There is no dispute that the cases arise out of the same factual events. Further, although the issues raised in the respective Complaints differ in type, there is nonetheless significant overlap in relevant legal inquiry between the two. In particular, in the West Virginia action, the parties litigated, to a point, the arbitrability of the underlying dispute. See, e.g., International Union, United Mine Workers of America, Civ. A. No. 16-12506, ECF No. 42 at 7-13; ECF No. 35-1 at 21. Indeed, the West Virginia court implemented the preliminary injunction, in part, to prevent a premature non-arbitral decision, *i.e.*, the decision sought in the instant action:

> Defendants seem to want a non-arbitral decision as to their MBCWA and Employer obligations in another forum. See Helvetia Coal Co. et al v. United Mine Workers of America, Int'l Union, Case No. 17-0002 (filed Jan. 2, 2017 W.D. Pa.). They have only threatened even greater harms since a January 12, 2017 letter to beneficiaries, they appear to have repudiated their prior agreement to resolve disputes through the ROD process and have purported to limit the forum for resolution of health benefit disputes to the Western District of Pennsylvania. [] The possibility that Defendants would succeed in their effort to obtain a non-arbitral decision on the merits of the ROD dispute threatens real and imminent harm.

ECF No. 35-1 at 22.

## 3. Conclusion

While neither the parties nor the issues in the two cases perfectly align, the Court finds that the subject matter of these cases, the real parties in interest and the legal questions presented in these cases are so substantially similar as to warrant application of the first-filed rule. Further, although the Court acknowledges Plaintiffs' assertions as to the application of the exceptions to the first-filed rule, ECF No. 38 at 12-13, these assertions do not establish exceptional circumstances that outweigh the significant interests of judicial economy that will be best served

7

by transferring this case to the West Virginia court, which has expended substantial time and thoughtful consideration to the legal questions surrounding this factual situation.

For the reasons set forth herein, and in the Court's discretion to fashion a flexible response to a finding of concurrent jurisdiction, the Motion to Dismiss will be granted insofar as the instant case will be transferred to the United States District Court for the Southern District of West Virginia.

## ORDER

AND NOW, this 23rd day of August, 2017, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant United Mine Workers of America, International Union, ECF No. 20, is GRANTED insofar as the Clerk is DIRECTED to transfer this case to the United States District Court for the Southern District of West Virginia.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record via CM/ECF

8